MEMORANDUM *
Dr. Robert H. Schuller (“Schuller”) and the corporation Robert Harold, Inc. (“RHI”) appeal from a district court order affirming the judgment of a bankruptcy court. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.
1. The bankruptcy court did not err in subjecting Schuller’s claim to the one-year cap in 11 U.S.C. § 502(b)(7).
Section 502(b)(7) limits “the claim of an employee for damages resulting from the termination of an employment contract” to “the compensation provided by such contract, without acceleration, for one year.... ” The bankruptcy court determined that Schuller was an “employee” of Crystal Cathedral Ministries,, and that his *308 contract with Crystal Cathedral Ministries (the “Transition Agreement”) was an “employment contract.”
We find no error in the determination that Schuller was an “employee.” Where, as here, a statute does not otherwise define the term “employee,” “the term ‘employee’ should be understood in light of the general common law of agency.” Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 741, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989). On balance, the Reid test leads us to conclude that Schuller was an “employee” of Crystal Cathedral Ministries. This conclusion is consistent with the language of the Transition Agreement and the purposes of § 502(b)(7).
Because we find no error in the conclusion that Schuller was an “employee,” we also find no error in the conclusion that the Transition Agreement was an “employment contract.”[1]
2. The bankruptcy court correctly dismissed the claim by RHI. RHI’s claim against Crystal Cathedral Ministries under the Transition Agreement is essentially a claim for breach of contract. See 11 U.S.C. § 365(g) (“the rejection of an exec-utory contract or unexpired lease of the debtor constitutes a breach of such contract”). But RHI was neither a party nor a third-party beneficiary of the Transition Agreement: indeed, the Transition Agreement does not even mention RHI. Thus, the bankruptcy court properly concluded that RHI was owed nothing under the Transition Agreement.
Appellants’ argument that Crystal Cathedral Ministries owed RHI money for using Schuller’s likeness and other intellectual property is unsupported by the record.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Unlike the dissent, we do not believe that the Transition Agreement is best characterized as a retirement agreement. The favorable terms and considerable discretion that Schuller enjoyed under the Transition Agreement were reflective of his superior bargaining position, due in part to the substantial contributions he made to Crystal Cathedral Ministries as a key employee. Looking at the language of the Transition Agreement as a whole, these terms alone do not convert the Transition Agreement from an employment contract into a retirement agreement.